[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14670
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cv-00682-TBS


CHRISTINE LEE CZUPRYNA,

Plaintiff - Appellant,

versus


COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 26, 2019)

Before WILSON, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Christine Czupryna, proceeding pro se, appeals the district court's judgment affirming the denial of her application for disability insurance benefits. After careful review, we affirm.

**I.**

Czupryna applied for disability benefits on June 20, 2013, alleging she became disabled on August 15, 2012. After the Social Security Administration ("SSA") initially denied her application and denied her request for reconsideration, Czupryna requested a hearing before an Administrative Law Judge ("ALJ").

After the hearing, the ALJ determined Czupryna had several severe impairments including cervical degenerative disc disease, status post anterior cervical diskectomy and fusion, lumbar degenerative disc disease, obesity, depressive disorder, carpal tunnel syndrome, status post bilateral carpal tunnel release, and status post left shoulder arthroscopy. However, the ALJ found Czupryna's combined impairments were not severe enough to warrant finding her disabled under 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1520(a)(4)(iii), (d), (e). After considering Czupryna's age, education, work experience, and residual functional capacity,[1] the ALJ concluded she was not disabled from August 15, 2012 through the date of the decision on December 23,

---

[1] A claimant's residual functional capacity is the "most [the claimant] can still do [in a work setting] despite [his or her] limitations." 20 C.F.R. § 404.1545(a).

2

2015, because there existed a significant number of jobs in the national economy that she could perform despite her limitations.  See id. § 404.1520(a)(4)(v), (g). Czupryna appealed to the Appeals Council of the SSA's Office of Disability Adjudication and Review, which denied her appeal.

Czupryna then filed a complaint with the district court.  Czupryna's complaint alleged the denial of her disability claim was not supported by substantial evidence under the standards set out in 42 U.S.C. § 405(g) and other applicable laws.  The parties submitted a joint motion setting out three issues: (1) whether the ALJ erred by failing to have a qualified psychologist or psychiatrist review the medical evidence, complete mandatory analysis, and offer an opinion on Czupryna's mental limitations; (2) whether the ALJ failed to consider the medical opinion evidence consistent with applicable law; and (3) whether the ALJ's credibility determinations were flawed.

The parties consented to having a magistrate judge conduct proceedings and enter final judgment.  Based on the parties' submissions and the entire record, the magistrate judge affirmed the ALJ's decision.  The magistrate judge explained the ALJ did not prejudicially err in any of the ways Czupryna alleged.  Additionally, the magistrate judge determined that substantial evidence supported the ALJ's conclusion that Czupryna was not disabled.

This appeal followed.

3

**II.**

Czupryna argues only that counsel who represented her before the SSA failed to gather and submit documentation that supported her disability benefits claim. She says this missing evidence includes documents showing she was diagnosed in 2015 with lupus and fibromyalgia, two impairments about which the ALJ heard no evidence. She also asserts the additional evidence proves she is disabled and says the ALJ would have found in her favor had her counsel supplied this evidence.

Czupryna never argued before the district court that her counsel did not submit relevant evidence before the ALJ. Neither did she present a claim saying she was denied the assistance of effective counsel during the administrative proceedings. There is no mention of either claim in her complaint or in the parties' joint motion to the magistrate judge.

"A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal." Juris v. Inamed Corp., 685 F.3d 1294, 1325 (11th Cir. 2012) (quotation marks omitted). Rather, "if a party hopes to preserve a claim, argument, theory, or defense on appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." Id. (quotation marks omitted). Although Czupryna is proceeding pro se on appeal, she was represented by counsel at the district court

4

level.  And, in any event, even pro se litigants are bound by this court's procedural rules.  Cf. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) ("[E]ven in the case of pro se litigants [the general rule of] leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotation marks omitted)).  Because Czupryna did not raise these arguments below, we do not address them here.  See Juris, 685 F.3d at 1326 (declining to address an argument that was not raised below).[2]

Even liberally construing her appeals brief, Czupryna presents no other arguments for this Court to consider.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–83 (11th Cir. 2014) (describing the circumstances under which this court regards an argument as abandoned).  Because Czupryna asserts no other

---

[2] Even if Czupryna had asked the district court to remand the case so she could present additional evidence to the SSA, it does not appear she would be entitled to a remand.  Under 42 U.S.C. § 405(g), a "court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" (emphasis added).  The Supreme Court has interpreted this authority as permitting remand only when a court "learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding."  Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S. Ct. 2658, 2664 (1990).  Czupryna has presented no argument that the new evidence she wants the SSA to consider did not exist or was unavailable to her at the time of her administrative proceedings.

Additionally, it does not appear the district court would have had the authority to consider a claim that Czupryna's counsel rendered ineffective assistance during her administrative proceedings.  See Bullard v. Comm'n Social Sec. Admin., 752 F. App'x 753, 754–56 (11th Cir. 2018) (per curiam) (unpublished) (concluding a district court lacked subject matter jurisdiction over a social security claimant's claim that her attorney did not uphold her professional responsibilities in SSA administrative proceedings).

arguments, we don't consider them and regard any issues she could have presented on appeal as abandoned.  See id.

**AFFIRMED.**